UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES PULL,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY TODD, et al.,<br><br>Defendants. | Case No. 1:23-cv-0135-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS TIME-BARRED<br><br>(Doc. 17)<br><br>**21-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Randomly Assign District Judge</u> |

Plaintiff Edward James Pull is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The action was reassigned to the undersigned on October 6, 2025. (Doc. 20.)

**I.    INTRODUCTION**

The Court issued its First Screening Order on June 26, 2023 (Doc. 9), finding that Plaintiff's original complaint failed to state a claim upon which relief could be granted. (*Id*. at 8-17.) Plaintiff was granted leave to file a first amended complaint or a notice of voluntary dismissal. (*Id*. at 15-16.)

Following the Court's grant of a request for extension of time (Doc. 11), Plaintiff filed his First Amended Complaint on July 31, 2023, 2023. (Doc. 12.) On August 10, 2023, Plaintiff filed a motion to amend the statement of facts (Doc. 13) and lodged another amended complaint (Doc. 14) on September 28, 2023. The same day, Plaintiff filed a motion to further amend his

complaint. (Doc. 15.) The Court denied both motions to amend and directed the Clerk of Court to file Plaintiff's lodged complaint as his Second Amended Complaint. (Doc. 16.)

On December 6, 2023, Plaintiff filed a Notice on How to Proceed, confirming that he wanted the Court to consider his Second Amended Complaint, instead of choosing to amend his complaint further. (Doc. 18.) The matter was reassigned from the previously referred magistrate judge to the undersigned on October 6, 2025. (Doc. 20.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## III.    PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing

*Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard…applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### IV.  DISCUSSION

#### A.  Plaintiff's Second Amended Complaint

In his Second Amended Complaint, Plaintiff alleges three counts[1] for violation of the Fourteenth Amendment. (Doc. 17.) Plaintiff names as defendants Deputy Todd from the Kern County Sheriff's Office, along with the "Kern County Sheriff['s] Department," and "Kern County Sheriff['s] Nursing/Medical Staff," and "Kern Medical Department," in their individual and official capacities. (*Id.* at 2-3.) Plaintiff seeks compensatory and punitive damages against all Defendants. (*Id.* at 9.)

#### B.  Factual Allegations

In his Second Amended Complaint (Doc. 17), Plaintiff restates the same allegations against Deputy Todd for deliberate indifference to medical care as he alleged in his initial complaint (Doc. 1) and First Amended Complaint (Doc. 12.) Specifically, Plaintiff alleges that, on April 30, 2018, he was a pretrial detainee at the Kern County jail, when he was "violently,

---

[1] Plaintiff refers to each count as a "claim," numbering each count as Claim I through Claim III. (*See* Doc. 1.) For clarity, the Court will refer to Claim I through Claim III of Plaintiff's complaint as Count I through Count III.

3

viciously, and brutally sexually assaulted and then physically [a]ssaulted by Inmate/Detainee Donnie Birdwell." (Doc. 17 at 5.) Birdwell stabbed Plaintiff with a piece of metal, causing Plaintiff "loss of…eyesight." (*Id.*)

Plaintiff reported the incident to Deputy Todd, but Todd, with "deliberate[] indifferen[ce]," refused to transport him to the hospital. (*Id.*) Plaintiff underwent surgery two months later to re-attach his retina. (*Id*. at 5, 8.) If Deputy Todd had transported Plaintiff to the hospital immediately after the stabbing, Plaintiff "would have had full use and recovery of [his] eyesight."  (*Id*. at 5.)

In Count II of his Second Amended Complaint, Plaintiff alleges that, "by…Deputy Todd being [d]eliberately [i]ndifferent towards my [m]edical [n]eeds and access to that care, Deputy Todd, Nursing Staff,[2] KMC Department[3] and KCSO Department[4] are in direct violation of my due process rights" by "being deliberately indifferent towards my medical needs after being stabbed and being left to die…." (*Id.* at 6.) In Count III, Plaintiff seems to allege a claim for respondeat superior. (*Id.* at 7.) "By having Deputy Todd working for KCSO Department, he and [the] department are culpable for my rights being violated." (*Id*.) Plaintiff generally alleges that "Nursing Staff" denied him access to medical care, and therefore, "Nursing Staff, Nurses, and KMC Department are culpable as well." (*Id*.)

Because Plaintiff lost his eyesight, he alleges that he cannot earn money as a Class A truck driver and now seeks $753,000,000 in compensatory and punitive damages against all Defendants.[5] (*Id.* at 9.)

///

///

///

---

[2] When Plaintiff identifies "Nursing Staff," the Court understands Plaintiff to refer to Defendant "Kern County Sheriff['s] Nursing/Medical Staff."

[3] When Plaintiff identifies "KMC Department," the Court understands Plaintiff to refer to Defendant "Kern Medical Department."

[4] When Plaintiff identifies "KCSO Department," the Court understands Plaintiff to refer to Defendant "Kern Sheriff's Department."

[5] In his Second Amended Complaint, Plaintiff does not re-assert his prior claim for violation of the Americans with Disability Act. (*Compare* Doc. 1 *with* Doc. 17.)

4

### C. Findings and Recommendations to Dismiss Action with Prejudice as Time-Barred

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *E.g., Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (internal quotation marks omitted) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) ("A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."). This is normally on the date of injury. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994).

In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048. California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc., § 335.1.

Here, the stabbing incident giving raise to Plaintiff's claims occurred on April 30, 2018. (Doc. 17 at 5.)  Thus, unless Plaintiff is entitled to the benefit of statutory or equitable tolling, at the latest, his claim became time-barred after April 30, 2020.

///

1. Statutory Tolling

In actions where the federal court borrows the state statute of limitations, the court also borrows all applicable provisions for tolling the limitations period found in the applicable state law. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). In its First Screening Order, the Court noted that California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. (Doc. 9 at 13.)

Section 352.1 provides, in pertinent part, as follows:

> If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.

The Court then analyzed Plaintiff's claims under the two-year statute of limitations and a potential statutory tolling of two additional years. (Doc. 9 at 15.) The Court stated that "it appears that the statute of limitations for Plaintiff's injuries resulting form his § 1983 claims expired in 2022 at the latest, four years after he was assaulted on April 30, 2018, and denied access to adequate medical care." (*Id.* at 15.) "Plaintiff did not file his lawsuit until January 27, 2023, which was after the four-year-statute of limitations…expired." (*Id.*) The Court granted Plaintiff leave to file an amended complaint "showing why the § 1983 claims in the case should not be dismissed based on Plaintiff's violation of the State's applicable statute of limitations." (*Id.*)

In his Second Amended Complaint, Plaintiff did not allege any facts or offer any explanation as to why his claims should not be dismissed for violation of the two-year statute of limitations. (Doc. 17.) To the contrary, in his Second Amended Complaint, Plaintiff confirmed that he had access to the jail's grievance process, filed a grievance for "medical malpractice, being stabbed," and then appealed the administrative decision on his grievance. (*Id.* at 10-11.) Plaintiff provides no reason for waiting nine months beyond any possible tolling to file the underlying lawsuit. (*Id.* at 5-15.) Moreover, amending the Second Amended Complaint would be futile since the claims related to, and arising from, the stabbing on April 30, 2018, are time-barred. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1060 (9th Cir. 2018). Accordingly, the

1  Court will recommend that Plaintiff's claims be dismissed with prejudice for failure to state of
2  claim.
3        The Court acknowledges that courts have come to differing conclusions as to whether
4  pretrial detainees in California are entitled to statutory tolling under Cal. Code Civ. Proc., §
5  352.1. *Compare, e.g.*, *Arreola v. Cnty. of Fresno Pub. Def.'s Off.*, No. 120CV00272AWISAB,
6  2020 WL 1169222, at *6 (E.D. Cal. Mar. 11, 2020) *with Ruiz v. Ahern*, No. 20-CV-01089-DMR,
7  2020 WL 4001465, at *2 (N.D. Cal. July 15, 2020). The Court further notes that the Ninth Circuit
8  Court of Appeals has concluded that a pretrial detainee in county jail who is held in continuous
9  custody is entitled to § 352.1(a) statutory tolling. *Mosteiro v. Simmons*, No. 22-16780, 2023 WL
10 5695998, at *1 (9th Cir. Sept. 5, 2023) ("Adhering to our precedent in *Elliott v. City of Union*
11 *City*, 25 F.3d 800, 801 (9th Cir. 1994), we conclude that § 352.1(a) extends to a pre-trial detainee
12 in county jail who is held in continuous custody" and "[s]ection 352.1(a) tolls the statute of
13 limitations….") (citing *Elliott v. City of Union City*, 25 F.3d 800, 801 (9th Cir. 1994)). Since
14 *Mosteiro* was decided in 2023, most courts have found it instructive and concluded that pretrial
15 detainees are entitled to statutory tolling under Cal. Code Civ. Proc., § 352.1. *See Gosztyla v.*
16 *French*, No. 2:21-CV-01403-DJC-EFB (PC), 2024 WL 3400126, at *2 (E.D. Cal. July 12, 2024)
17 ("Since *Mosteiro* was issued, district courts have applied *Elliott*, not *Austin*, when analyzing
18 tolling.") (citations omitted).
19     The Court need not resolve the conflict here, because assuming the statutory tolling
20 applies, Plaintiff was alerted to the issue of the statute of limitations and told to address it in his
21 Second Amended Complaint. (Doc. 9 at 15.) In reviewing the Second Amended Complaint,
22 Plaintiff makes no allegations that implicate any additional statutory tolling of his claims.
23         2.  <u>Equitable Tolling</u>
24     Apart from the applicability of statutory tolling, the Court considers whether a plaintiff is
25 entitled to equitable tolling. *See e.g., Cota v. Santa Ana Police Dep't,* No. 8:21-CV01774-MWF-
26 JDE, 2022 WL 2199324, at *5 (C.D. Cal. Feb. 28, 2022). "Equitable tolling under California law
27 "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or
28 extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'"

7

1  *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling, lower courts are directed to consider the extent to which defendant had notice of the instant claims in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second claim. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). *See also Mimms v. Lewis*, 698 F. App'x. 522, 522 (9th Cir. 2017) (finding prisoner not entitled to equitable tolling because he "failed to demonstrate good faith and reasonable conduct") (unpublished).

In conducting this balancing here, the Court is mindful of the public policy interest in ensuring prompt resolution of legal claims and ensuring fairness to defendants such that they may defend the case while witness memories and evidence have not materially deteriorated. The Court balances these equities against any injustice Plaintiff will suffer were his claims rejected on grounds of untimeliness.

Here, the Court does not discern from the allegations in Plaintiff's Second Amended Complaint that he was incapable of timely litigating his claims or that enforcing California's statutory tolling regimes would result in a fundamental unfairness. As set forth above, Plaintiff was on notice of the bases of his current claims on April 30, 2018, when he allegedly suffered his injury. Notwithstanding the Court's admonitions and provision to Plaintiff of opportunities to explain why his claims were not time-barred, Plaintiff asserted no allegations in his Second Amendment Complaint addressing timeliness or his good faith, reasonable conduct in filing his claims. Given Plaintiff's delay in filing this action and failure to address the statute of limitations, the Court finds equitable tolling inapplicable.

### V.   CONCLUSION AND ORDER

The Clerk of the Court is directed to randomly assign a District Judge to this action.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. This action (Doc. 17) be DISMISSED WITH PREJUDICE as time-barred; and

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**December 23, 2025**__    _____
UNITED STATES MAGISTRATE JUDGE