UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES PULL,

          Plaintiff,

    v.

DEPUTY TODD, et al.,

          Defendants.

Case No.: 1:23-cv-00135-JLT-CDB

**ORDER GRANTING PLAINTIFF 90 DAYS WITHIN WHICH TO IDENTIFY JANE DOE NURSE 1**

Plaintiff Edward James Pull is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      BACKGROUND**

Following screening, and in relevant part, the Court found Plaintiff's third amended complaint states a cognizable Fourteenth Amendment inadequate medical care claim against Jane Doe Nurse 1. (*See* Docs. 30, 32 & 33.)

The Court now addresses the issue of Plaintiff's need to identify Jane Doe Nurse 1 against whom one of his claims proceeds.

**II.      DISCUSSION**

Defendant Jane Doe Nurse 1 is employed at the Kern County Sheriff's Department Lerdo Pretrial Facility and is presently unknown to Plaintiff. Plaintiff alleges a federal constitutional claim against Jane Doe Nurse 1 for inadequate medical care.

The United States Marshal cannot serve Doe defendants. Plaintiff will be required to identify Jane Doe Nurse 1 with enough information to locate this defendant for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

As previously noted, although Plaintiff states a plausible claim against this unknown individual, the Court will not require service at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is not clear that discovery would not uncover the identity of Jane Doe Nurse 1. Nor is there any indication that Plaintiff's operative complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to discover the identity of Jane Doe Nurse 1 through limited discovery.[1]

Initially, the Court notes Plaintiff may wish to seek the identity Jane Doe Nurse 1 through other means. For example, Plaintiff might possess copies of medical or other relevant records that may include the actual name of Jane Doe Nurse 1. Otherwise, Plaintiff may seek a subpoena to obtain the necessary information.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

---

[1] *Womack v. Virga*, No. 2:11-cv-1030 MCE EFB P, 2012 WL 4465372, at *3 (E.D. Cal. Sept. 25, 2012) ("The role of the court is not to conduct discovery or research for the parties").

2

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

In sum, any motion or request for a subpoena must clearly identify the third party from whom records or information are sought, clearly identify those records, and establish that the records or information are obtainable only through the identified third party. *Davis*, 2010 WL 1948560, at *1; *Williams*, 2010 WL 148703, at *1.

Finally, if Plaintiff has learned the name of Jane Doe Nurse 1 since filing his third amended complaint, and/or does not require a subpoena to obtain this individual's identity, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for Jane Doe Nurse 1.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the identity of Jane Doe Nurse 1, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

///

///

///

///

3

**If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane Doe Nurse 1, the Court will recommend dismissal, without prejudice, of Defendant Jane Doe Nurse 1.**[2]

IT IS SO ORDERED.

Dated:    **May 18, 2026**                    _____
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . ..'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the United States Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.