UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES PULL,

Plaintiff,

v.

DEPUTY TODD, et al.,

Defendants.

Case No.: 1:23-cv-00135-JLT-CDB (PC)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA**

(Doc. 39)

Plaintiff Edward James Pull is appearing pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT BACKGROUND

Following screening, this action proceeds on Plaintiff's Fourteenth Amendment inadequate medical care claims against Defendants Todd and Jane Doe Nurse 1. (Doc. 33.)

On May 18, 2026, the Court issued its Order Granting Plaintiff 90 Days Within Which to Identify Jane Doe Nurse 1. (Doc. 34.)

On July 17, 2026, Plaintiff filed a document titled "Subpoena Information to Identify Jane Doe Nurse." (Doc. 39.)

## II. DISCUSSION

Plaintiff requests a subpoena "to obtain necessary information on Jane Doe [N]urse 1," stating he has "tried numerous times to contact and get a hold of the Kern Medical Center in

every possible way," including via written correspondence, without success. (Doc. 39.) He asks the Court to "send out the United States Marshalls to obtain the nurse's name for the date of 04/30/2018 working at the Lerdo Pretrial Maximum Medical Facility from 12pm through 2pm providing medication pass for the D6 unit …." (*Id.*) Plaintiff repeats that the "hospital has not responded" to his inquiries and provides the address for the Kern Medical Center and the Lerdo Jail Facility. (*Id.*)

The Ninth Circuit has held that where identity of a defendant is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and use of subpoenas in this action. The Court's authorization of issuance of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. Therefore, a motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id.*

Here, Plaintiff's request is relevant to his claim and clearly identifies the information he seeks—the name of Jane Doe Nurse 1, assigned to the Lerdo Jail Facility on April 30, 2018, performing "medication pass" in the "D6 unit between 12:00 p.m. and 2:00 p.m." Further, Plaintiff's request establishes that the information is obtainable only through the identified third party— Kern Medical Center, Jane Doe Nurse 1's employer —because Plaintiff's less formal requests for the information from that entity have gone unanswered. *Davis*, 2010 WL 1948560, at *1; *Williams*, 2010 WL 148703, at *1. Further, the Court finds no indication that the Kern Medical Center would be burdened by excessive or unusual expenses given Plaintiff's request. *Badman*, 139 F.R.D. at 605; *Austin*, 2008 WL 5213414, at *1.

In sum, the Court will grant Plaintiff's motion. Further, the Court will extend the limited discovery period to allow for issuance of and compliance with the subpoena, and for Plaintiff's submission of a notice to substitute the name of Jane Doe Nurse 1 named the operative complaint.

**III. CONCLUSION AND ORDER**

Accordingly, and for the reasons stated above**, IT IS HEREBY ORDERED** that:

1. Plaintiff's request for a subpoena duces tecum (Doc. 39) is **GRANTED**;
2. The Clerk of the Court shall forward the following documents to the United States Marshals Service (USMS):
    a. One completed and issued subpoena duces tecum to be served on:

        Kern Medical Center
        Medical Records Department
        1700 Mount Vernon Avenue
        Bakersfield, CA 93306

    b. One copy of Plaintiff's third amended complaint (Doc. 29);
    c. One completed USM-285 form; and
    d. Two copies of this Order, one to accompany the subpoena and one for the USMS;
3. In completing the subpoena, the Clerk of the Court shall list, as described here, the information or documents requested:

(1) the name of the individual employee nurse assigned to perform medication pass on April 30, 2018, between 12:00 p.m. and 2:00 p.m. in the D6 unit of the Lerdo Pre-Trial Facility located at 17695 Industrial Farm Road in Bakersfield, California.

4. Within 30 days from the date of this order, the USMS is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;
5. The USMS shall effect personal service of the subpoena duces tecum, along with a copy of this Order and a copy of the third amended complaint, upon the individual or entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);
6. Within ten days after personal service is effected, the USMS shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form; and
7. Within 30 days after service is effected, the Kern Medical Center Medical Records Department is directed to serve the responsive information or documents on Plaintiff:

   Edward James Pull
   CB-6721
   California Substance Abuse Treatment Facility
   P.O. Box 5248
   Corcoran, CA 93212

8. Within 14 days upon receipt of the information or documents identifying the Doe defendant, Plaintiff is directed to file a request for substitution with the Court. Once the Court is in receipt of the identifying information for this individual, the Court will issue the appropriate order necessary to effectuate service of process.

//

//

//

9. The limited discovery period is extended an additional 90 days to allow Plaintiff to comply with the Court's order to identify Jane Doe Nurse 1 and to file a request for substitution with the Court.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE