UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD JAMES PULL,

Plaintiff,

v.

DEPUTY TODD, et al.,

Defendants.

Case No.: 1:23-cv-00135-CDB (PC)

**ORDER TO SHOW CAUSE WHY JANE DOE NURSE 1 SHOULD NOT BE DISMISSED**

14-Day Deadline

Plaintiff Edward James Pull is appearing pro se and *in forma pauperis* in this civil rights action.

**I. RELEVANT BACKGROUND**

On July 22, 2026, the Court issued its Order Granting Plaintiff's Motion for Subpoena. (Doc. 40.) Relevant here, the Clerk of the Court was directed to prepare and forward a subpoena duces tecum to Kern Medical Center, Medical Records Department, for "the name of the individual employee nurse assigned to perform medical pass on April 30l 2018, between 12:00 p.m. and 2:00 p.m. in the D6 unit of the Lerdo Pre-Trial Facility …," for service by the United States Marshal (USM). (*Id*. at 4.) The Kern Medical Center Medical Records Department was directed to serve the responsive information or documentation to Plaintiff within 30 days after service was effected. (*Id*.) Additionally, Plaintiff was "directed to file a request for substitution with the Court" within 14 days of receiving "the information or documents identifying the Doe

defendant." (*Id.*)

On July 31, 2026, the USM filed its USM-285 form indicating the office manager at Kern Medical Center had been served with the subpoena on July 30, 2026. (Doc. 44.)

To date, presuming Plaintiff received the relevant documentation no later than August 31, 2026, as directed by the subpoena, Plaintiff has failed to timely file a notice of substitution concerning Jane Doe Nurse 1.

**II. DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with the Court's July 22, 2026, order to file a notice of substitution following service of the subpoena on Kern Medical Center on July 30, 2026, and receipt of the relevant information. Despite the passage of more than 14 days, plus time for mailing, following the deadline for Kern Medical Center to provide him with information or documentation concerning the identity of Jane Doe Nurse 1, Plaintiff has failed to file a notice of substitution or to otherwise contact the Court.

**III. CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why Defendant Jane Doe Nurse 1 should not be dismissed for Plaintiff's failure to comply with the Court's July 22, 2026, order. Alternatively,

within that same time, Plaintiff may submit a notice of substitution concerning the identity of Defendant Jane Doe Nurse 1.

**Any failure by Plaintiff to timely comply with this order may result in a recommendation that Defendant Jane Doe Nurse 1 be dismissed and that this action be dismissed in its entirety for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated: **September 30, 2026**

UNITED STATES MAGISTRATE JUDGE