UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES PULL,<br>Plaintiff,<br>v.<br>DEPUTY TODD, et al.,<br>Defendants. | Case No.: 1:23-cv-00135-CDB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 46)<br><br>ORDER REQUESTING RESPONSE FROM KERN MEDICAL CENTER, MEDICAL RECORDS DEPARTMENT REGARDING COMPLIANCE WITH SUBPOENA SERVED JULY 30, 2026<br><br>**Response Deadline: November 3, 2026**<br><br>ORDER DIRECTING CLERK OF THE COURT TO SERVE A COPY OF THIS ORDER ON KERN MEDICAL CENTER, MEDICAL RECORDS DEPARTMENT AND ITS OFFICE MANAGER SANDRA REYES |

Plaintiff Edward James Pull is appearing pro se and *in forma pauperis* in this civil rights action.

## I. PROCEDURAL BACKGROUND

Following screening of Plaintiff's third amended complaint, the undersigned directed Plaintiff to file a fourth amended complaint curing the deficiencies identified in its April 2, 2026, screening order, or to file a notice stating he intended to stand on the third amended complaint as screened subject to a recommendation that certain claims and defendants be dismissed, or, to file

a notice of voluntary dismissal. (Doc. 30.) Thereafter, Plaintiff filed notice indicating he wished to proceed on the claims found cognizable by the Court following screening (Doc. 31.) The then-assigned district judge[1] issued an Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendants on May 15, 2026 (Doc. 33). Specifically, the Court ordered this action proceed on Plaintiff's Fourteenth Amendment inadequate medical care claims against Defendants Todd[2] and Jane Doe Nurse 1, and dismissed Defendants Youngblood, Deputy Supervisor John Doe 1, Jane Doe Doctor, Jane Doe Nurse Supervisor, and the remaining Jane Doe Nurses, as well as any remaining claims in the third amended complaint. (*Id*. at 2.)

On May 18, 2026, the Court issued its Order Granting Plaintiff 90 Days Within Which to Identify Jane Doe Nurse 1; more specifically, Plaintiff was to "discover the identity of Jane Doe Nurse 1, through subpoena or otherwise, and to substitute this Defendant's actual named by filing a 'notice of substitution'" within that time. (Doc. 34.)

On July 17, 2026, Plaintiff filed a motion for subpoena relating to his efforts to identify Jane Doe Nurse 1. (Doc. 39.)

On July 22, 2026, the Court issued its Order Granting Plaintiff's Motion for Subpoena, directing the Clerk of the Court to forward a completed and issued subpoena duces tecum to the United States Marshal (USM) for service to Kern Medical Center, Medical Records Department, to provide Plaintiff with "the name of the individual employee nurse assigned to perform medication pass on April 30, 2018, between 12:00 p.m. and 2:00 p.m. in the D6 unit of the Lerdo Pre-Trial Facility …." (Doc. 40.)

On July 31, 2026, the USM filed its USM-285 form indicating "Sandra Reyes-Office Manager" at "Kern Medical Center, Medical Records Department" was personally served with the subpoena on July 30, 2026, at 1:44 p.m. (Doc. 44.)

On September 30, 2026, the Court issued its Order to Show Cause (OSC) Why Jane Doe Nurse 1 Should Not Be Dismissed. (Doc. 46.) Specifically, Plaintiff was directed to show cause in

---

[1] The parties have since consented to the jurisdiction of a magistrate judge for all purposes. (*See* Doc. 45.)

[2] Deputy Todd was subsequently served (Doc. 38) and filed an answer to the operative complaint on July 31, 2026 (Doc. 41).

writing, within 14 days, why Jane Doe Nurse 1 should not be dismissed for Plaintiff's failure to comply with the Court's May 18, 2026,[3] order; in the alternative, Plaintiff was advised he could submit a notice of substitution concerning Jane Doe Nurse 1's actual name within that same period. (*Id*. at 2-3.)

On October 15, 2026, Plaintiff filed a response to the OSC. (Doc. 47.) Briefly stated, Plaintiff asserts he has "not received any information" from Kern Medical Center and he asks the Court "to hold the Kern Medical Center Manager in contempt of court[] for their failure" to provide documentation or information to him as required. (*Id*.)

## II. DISCUSSION

A subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure commands "each person to whom it is directed to attend and testify; produce designated, electronically stored information, or tangible things in that person's possession, custody or control; . . .." Fed. R. Civ. P. 45(a)(1)(A)(iii). And a "subpoena may command … production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transactions business …." Fed. R. Civ. P. 45(c)(2). Further, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

A contempt charge against a nonparty may be of a criminal or civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1131 (9th Cir. 2013). The district court has wide latitude in deciding whether there has been contemptuous defiance of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). However, in general, "the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 517 (9th Cir. 1992).

---

[3] The OSC mistakenly referred to the order issued "July 22, 2026," rather than the order issued May 18, 2026, involving the 90-day deadline.

To establish civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply. They must show they took every reasonable step to comply." *Stone*, 968 F.2d at 856 n.9 (internal citations omitted).

Here, the Court's record indicates Kern County Medical, Medical Records Department was served with a subpoena on July 30, 2026, when its Office Manager Sandra Reyes was personally served by the USM. Further, Plaintiff has advised the Court that, despite service of the subpoena and the passage of more than 30 days, he has not received any documents or information from Kern Medical Center relating to Jane Doe Nurse 1.

Thus, the Court will discharge the OSC directed to Plaintiff given his written response. Further, the Court will require Kern Medical Center, Medical Records Department and/or Office Manager Sandra Reyes to respond regarding the alleged lack of compliance with the subpoena issued in this action. *Whittaker Corp.*, 953 F.2d at 517 (minimum sanction to gain compliance should be imposed).

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The OSC issued September 30, 2026 (Doc. 46) is **DISCHARGED**;
2. Kern Medical Center, Medical Records Department and/or its Office Manager Sandra Reyes **SHALL** respond to this order, **no later than November 3, 2026**, by either providing documents responsive to the subpoena served July 30, 2026, or by explaining why it believes it does not need to do so;
3. The Clerk of the Court is **DIRECTED** to mail a copy of (1) this order and (2) the Court's July 22, 2026 order (Doc. 40) as follows:
    a. Kern Medical Center, Medical Records Department, 1700 Mount Vernon Ave., Bakersfield, CA 93306;
    b. Sandra Reyes, Office Manager, Kern Medical Center, 1700 Mount Vernon Ave., Bakersfield, CA 93306.

4. Failure to comply with this Order may subject Kern Medical Center, Medical Records Department to a finding of contempt and imposition of sanctions.

IT IS SO ORDERED.

Dated: **October 21, 2026**

UNITED STATES MAGISTRATE JUDGE